UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

JAMAAR SANDIFORD,

                              Plaintiff,

                  -against-

Police Officer WAYNE NGOR, Shield No. 12473;
Police Officer LAURAN WATSON, Shield No.
17043; Police Officer ANNETTE VELEZ, Shield
No. 29111; Sergeant JOHN SICULIANO, Shield
No. 3624; and JOHN and JANE DOE 1 through
10, individually and in their official capacities (the
names John and Jane Doe being fictitious, as the
true names are presently unknown),

                              Defendants.

------------------------------------------------------------------ x

**FIRST AMENDED
COMPLAINT**

Jury Trial Demanded

13 CV 2223 (FB) (RML)

## NATURE OF THE ACTION

1.      This is an action to recover money damages arising out of the violation

of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the

Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United

States.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and

1343.

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.     Plaintiff demands a trial by jury in this action.

## PARTIES

6.     Plaintiff Jamaar Sandiford ("plaintiff" or "Mr. Sandiford") is a resident of Kings County in the City and State of New York.

7.     Defendant Police Officer Wayne Ngor, Shield No. 12473 ("Ngor"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Ngor is sued in his individual and official capacities.

8.     Defendant Police Lauran Watson, Shield No. 17043 ("Watson"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Watson is sued in her individual and official capacities.

9.     Defendant Police Officer Annette Velez, Shield No. 29111 ("Velez"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Velez is sued in her individual and official capacities.

10.     Defendant Sergeant John Siculiano, Shield No. 3624 ("Siculiano"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Siculiano is sued in his individual and official capacities.

11.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not

know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14.     At approximately 12:45 a.m. on June 21, 2012, plaintiff was lawfully in his apartment at 5711 Avenue I, in Brooklyn, New York.

15.     Defendants came through the front door, screaming, and demanded that Mr. Sandiford come with them.

16.     When Mr. Sandiford asked what was going on, defendants maced him and he fell to the ground.

17.     Defendants twisted Mr. Sandiford's hand and arm, injuring him, including the fifth metacarpal on his right hand.

18.     Notwithstanding that Mr. Sandiford was already in cuffs, defendants continued to assault him, including by macing him again, punching him and striking him with a police radio.

-3-

19.     Defendants arrested Mr. Sandiford without probable cause or reasonable suspicion to believe he had committed any crime or offense and took him to a police precinct.

20.     At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff obstruct governmental administration and resisting arrest, and prepared false paperwork, including an arrest report.

21.     At no point did the officers observe Mr. Sandiford obstruct governmental administration or resist arrest.

22.     At the precinct, Mr. Sandiford requested medical attention, but was denied the same.

23.     After approximately three hours, defendants contacted EMS and plaintiff was taken to Beth Israel Medical Center for treatment.

24.     Mr. Sandiford was eventually returned to the precinct and then taken to Brooklyn Central Booking.

25.     Plaintiff was arraigned in Kings County Criminal Court, where he was released on his own recognizance after spending approximately 24 hours in custody.

26.     After approximately nine months and seven court appearances, the charges against Mr. Sandiford were adjourned in contemplation of dismissal.

27.     Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

28.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

30.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

31.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

33.      As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

34.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35.     The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

36.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

37.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38.     The individual defendants created false evidence against plaintiff.

39.     The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

40.     In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

41.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Deliberate Indifference to Medical Needs

42.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43.     The individual defendants were aware of plaintiff's need for medical care and failed to act, in deliberate indifference to plaintiff's needs.

44.     Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs.

45.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure To Intervene

46.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

48. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

49. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as

follows:

    (a)  Compensatory damages against all defendants, jointly and severally;

    (b)  Punitive damages against the individual defendants, jointly and severally;

    (c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

    (d)  Such other and further relief as this Court deems just and proper.

DATED:    September 30, 2013
           New York, New York

           HARVIS WRIGHT & FETT LLP

           _____
           Gabriel Harvis
           305 Broadway, 14th Floor
           New York, New York 10007
           (212) 323-6880
           gharvis@hwandf.com

           *Attorneys for plaintiff*